IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMES MCCRIGHT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:13-CV-1206-VEH |
| | ) |
| **CAROLYN W. COLVIN, ACTING** | ) |
| **COMMISSIONER, SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff James Larry McCright ("Mr. McCright") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for Supplemental Security Income ("SSI").[1] Mr. McCright timely pursued and exhausted his administrative remedies available before the Commissioner. The case is thus ripe for review under 42 U.S.C.

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits ("DIB") or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

§ 405(g).[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. McCright was 44 years old at the time of his hearing before the Administrative Law Judge ("ALJ"). (Tr. 37). He has completed the seventh grade. (Tr. 38). His past work experience includes employment as a machinist, welder, and construction laborer. (Tr. 58). He claims he became disabled on January 1, 2009, due to symptoms and limitations related to back, leg, and neck pain and depression. (Tr. 15, 153, 183). His last period of work ended on August 5, 2010. (Tr. 183).

On November 2, 2010, Mr. McCright protectively filed a Title XVI application for SSI. (Tr. 176). On January 18, 2011, the Commissioner initially denied this claim. (Tr. 89). Mr. McCright timely filed a written request for a hearing on March 7, 2011. (Tr. 99).

The ALJ conducted a hearing on the matter on May 7, 2012. (Tr. 33). On May 22, 2012, the ALJ issued his opinion concluding Mr. McCright was not disabled and denying him benefits. (Tr. 25-27). On April 26, 2013, the Appeals Council issued a denial of review on his claim. (Tr. 1-5).

Mr. McCright filed a Complaint with this court on June 27, 2013, seeking

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

review of the Commissioner's determination. (Doc. 1). The Commissioner answered on October 28, 2013. (Doc. 7). Mr. McCright filed a supporting brief on January 14, 2014 (Doc. 11), and the Commissioner responded with her own on February 10, 2014. (Doc. 12). With the parties having fully briefed the matter, the court has carefully considered the record and reverses and remands the decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal

standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, current through January 24, 2014.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After consideration of the entire record, the ALJ made the following findings:

1. Mr. McCright had not engaged in substantial gainful activity since January 1, 2009, the alleged disability onset date. (Tr. 25).

2. He had the following severe impairments: lumbar degenerative disc disease and status post L4-S1 hemilaminectomy. (Tr. 25-26).

3. He did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26).

4. He had the residual functioning capacity ("RFC") to perform a reduced range of light work. *Id.*

5. He was unable to perform any past relevant work. *Id.*

6. Considering his age, education, work experience, and residual functioning capacity, there are light jobs that existed in significant numbers in the national economy that he can perform. (Tr. 26).

7. He had not been under a disability, as defined in the Social Security Act, from November 2, 2010 through the date of this decision. *Id.*

## **ANALYSIS**

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th

Cir. 1980)).[4] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Mr. McCright urges this court to reverse the Commissioner's decision to deny him benefits on the grounds that the ALJ substituted his own opinion for that of the examining and treating physicians. (Doc. 11 at 16). He also asserts that "the ALJ failed in his duty to develop a full and fair record" and "denied the claimant a reasonable opportunity to confront the evidence against him." (Doc. 11 at 12). In its review, this court finds that the ALJ's decision was not supported by substantial evidence and that the ALJ failed to fully develop the record. Accordingly, the court remands the case for further development and consideration.

**I.     The ALJ did not have sufficient evidence for the RFC finding.[5]**

In this appeal, Mr. McCright asserts that the ALJ substituted his own judgment for that of Mr. McCright's physicians, and that in doing so, he committed reversible error. The Eleventh Circuit has held that "[a]n ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those

---

[4] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

[5] The undersigned has rendered a comparable decision from which the framework, analysis, and disposition of this case, in part, persuasively flow. *See Cannon v. Astrue*, No. 5:11-cv-2022-VEH, 2012 WL 3030580 (N.D. Ala. July 25, 2012).

of a claimant's treating physicians." *Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992).

The ALJ's disability determination is not supported by substantial evidence because there is not a medical opinion by an examining physician in support of the ALJ's RFC determination. Without a proper basis in the record for the ALJ's opinion, the ALJ substituted his own opinion in making the RFC determination. Accordingly, the court agrees with Mr. McCright that, under the circumstances of this case, the ALJ committed reversible error.[6]

### A.   In the absence of a supporting medical source statement or physical capacities evaluation upon which the ALJ could have based his opinion, the ALJ's opinion was not supported by substantial evidence.

The only physical capacities evaluation upon which the ALJ has based his opinion is that of a reviewing physician, Dr. Heilpern. The record contains the notes of four physicians: two treating, one consultative, and one reviewing. The ALJ assigned little weight to the medical source statement of the consultative physician, Dr. Teschner (Tr. 23), and the two treating physicians did not produce a medical source statement. (Tr. 220-46, 255-74). The opinion of the reviewing physician alone did not constitute substantial evidence for the ALJ's RFC determination.

---

[6] As a result, the court does not reach the merits of the other issues presented on appeal.

> **1.      The ALJ could not base his opinion on the findings of the examining physicians.**

Two treating physicians evaluated Mr. McCright, neither of whom provided a medical source statement, and the only medical source statement provided was discounted by the ALJ. As another district judge of this court aptly explained the RFC issue in the context of an ALJ who comparably determined, without the benefit of a physical capacities evaluation conducted by a physician, that the claimant was not disabled:

> While the Record contains Ms. Rogers'[s] medical treatment history, <u>it lacks any physical capacities evaluation by a physician</u>. The ALJ made his residual functional capacity evaluation without the benefit of such evaluation. <u>An ALJ is allowed to make some judgments as to residual physical functional capacity where so little physical impairment is involved that the effect would be apparent to a lay person</u>. *Manso–Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15 (1st Cir. 1996). <u>In most cases, including the case at bar, the alleged physical impairments are so broad, complex, and/or ongoing that a physician's evaluation is required</u>. *Id.* <u>In order to have developed a full, fair record as required under the law, the ALJ should have re-contacted Ms. Roger's [sic] physicians for physical capacities evaluations and/or sent her to physicians for examinations and physical capacities evaluations</u>. Further, Ms. Rogers'[s] ability to lift and to manipulate objects must be thoroughly evaluated by at least one physician. These evaluations shall be obtained upon remand. Ms. Rogers'[s] residual functional capacity was not properly determined nor supported by substantial evidence in this case.

*Rogers v. Barnhart*, No. 3:06–CV–0153–JFG, (Doc. 13 at 5) (N.D. Ala. Oct. 16, 2006) (emphasis added); *see also Manso–Pizarro*, 76 F.3d at 17 ("With a few

exceptions (not relevant here), <u>an ALJ, as a lay person, is not qualified to interpret raw data in a medical record</u>." (emphasis added) (citing *Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991))); *Rohrberg*, 26 F. Supp. 2d at 311 ("<u>An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings</u>, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." (emphasis added) (citing *Rodriguez v. Sec'y of Health & Human Servs.*, 893 F.2d 401, 403 (1st Cir. 1989))); *cf. Giddings v. Richardson*, 480 F.2d 652, 656 (6th Cir. 1973) ("To meet such a *prima facie* case <u>it is not sufficient for the government to rely upon inconclusive medical discussion of a claimant's problems without relating them to the claimant's residual capacities in the field of employment</u>.") (emphasis added).

Dr. LaGanke treated Mr. McCright from 2008 to 2010. (Tr. 220-46). The record contains Dr. LaGanke's notes during that time, describing Mr. McCright's self-reported pain and levels of pain medications. *Id.* Mr. McCright began treatment with the Quality of Life Clinic in 2011. (Tr. 255-74). The notes from the Quality of Life Clinic indicate similar complaints of pain. *Id.* While the notes contain self-reported levels of pain and objective findings such as pulse, muscle tone, and range of motion, the notes do not contain evidence of how Mr. McCright's physical impairments relate to his ability to work such as that found in a medical source

statement.

The ALJ assigned little weight to the opinion of Dr. Teschner, the only physician to both evaluate Mr. McCright and prepare a medical source statement. (Tr. 23). Dr. Teschner diagnosed Mr. McCright with chronic lumbar spinal pain, chronic cervical spinal pain, opiate dependence, and situational depression. (Tr. 20, 283). In her medical source statement, Dr. Teschner stated that Mr. McCright could not lift or carry more than ten pounds, could not sit for longer than two hours or stand and walk for longer than one hour in an eight hour workday. (Tr. 20, 291). Additionally, he had marked limitations in his ability to interact in a work setting, could use his right hand occasionally, occasionally operate foot controls, and was unable to perform postural activities such as climbing, balancing, or stooping. (Tr. 20, 285-96). When basing his opinion on Dr. Teschner's assessment, the vocational expert found the plaintiff unable to work at sedentary, light, or medium levels. (Tr. 65, 285-96). Assuming the ALJ properly rejected Dr. Teschner's evaluation, there was not a medical source statement or physical capacity evaluation by an examining physician upon which the ALJ could support his RFC determination.

### 2. The ALJ could not base his opinion solely on the findings of the non-examining physician.

A physical capacity evaluation by a non-examining physician is not substantial

evidence upon which to base an RFC determination. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). The ALJ gave substantial weight to the reviewing physician, Dr. Heilpern, who concluded Mr. McCright could perform medium work. (Tr. 23). Giving substantial weight to Dr. Heilpern's opinion is problematic, especially because the ALJ discounted Dr. Teschner's opinion and the treating physicians did not provide any medical source statements. As a non-examining physician, Dr. Heilpern's opinion is insufficient to substantially support an RFC determination. *See Shafarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987) ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."); *Swindle*, 914 F.2d at 226 n.3 ("Because Dr. Hibbett did not examine Ms. Swindle, his opinion is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision.").

When an ALJ makes an RFC determination about a claimant who, like Mr. McCright, has a complex medical history and who suffers from several severe impairments, he should have the benefit of a supporting medical source statement or a physical capacities evaluation from an examining physician. Without that medical expertise, he risks substituting his own medical judgment for that of a physician and lacks substantial evidence to support his disability determination.

**B.     The RFC is not so apparent in this case that a medical source statement or physical capacities evaluation is unnecessary.**

While there should be some medical assessment of the ability to perform work-related functions in nearly all cases, there are rare occasions when the absence of a disability is so clear that a medical source statement is unnecessary in that finding. *See Manso–Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996) ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment."). In one such commonsense case, *Castle v. Colvin*, the Eleventh Circuit determined in an unpublished opinion[7] that the ALJ's decision was supported by substantial evidence even without a medical source statement. No. 13-10007, 2014 WL 595284, at *3-*5 (11th Cir. Feb. 18, 2014). On appeal, the Eleventh Circuit found that the following provided substantial evidence for the ALJ's determination: "(1) Mr. Castle's lack of treatment for his knee problems; (2) his denial of musculoskeletal issues; (3) his weekly regiment [sic]; (4) and Dr. Layton's release without work restrictions."[8] *Id.*

---

[7] As an unpublished opinion, *Castle* is not binding on this court; instead, it is persuasive authority. *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[8] The release without work restrictions in *Castle* related to knee surgery that Mr. Castle underwent ten years before his alleged onset date. While Mr. McCright also underwent surgery relating to his alleged disability years before his alleged onset, this court has been unable to find

at *4.

In *Castle*, the claimant did not visit a doctor about his alleged disability of knee pain between the alleged onset date and date last insured. *Id.* at *3. Further, when the claimant visited the doctor during this time period, he denied musculoskeletal problems which would have related to his disability. *Id.* Several months after his date last insured, the claimant sought treatment for the alleged disability. *Id.* Mr. McCright, on the other hand, has complained of back pain since the late 1990's and underwent surgery in 2000. (Tr. 15-16). Additionally, he visited doctors about his back pain months before and after the alleged onset date. (Tr. 13, 16-18). In contrast to the claimant in *Castle*, Mr. McCright has consistently complained of pain directly related to his disability and visited the doctor both before and after his alleged onset date. The lack of a longitudinal history of medical treatment as a basis for substantial evidence is not present here as it was in *Castle*.

The *Castle* court also found the claimant's self-reported weekly regimen to be in conflict with his alleged level of pain. 2014 WL 595284, at *4. The claimant "regularly prepared meals taking up to one and a half hours, mowed the yard for up to four hours, did the laundry, attended church, cared for doves, grocery shopped, and went out to eat." *Id.* Here, the record reflects that Mr. McCright also may have

---

evidence in the record of a release without work restrictions following the surgery.

engaged in some activity inconsistent with his alleged level of back pain. For example, Mr. McCright has indicated that he attends church, eats with his pastor, and can lift 15-20 pounds. (Tr. 204). Additionally, Mr. McCright visited the doctor for pain following activities such as pushing a plantar across a floor, gardening, and unloading a lawn mower from a truck. (Tr. 225, 255, 264). Mr. McCright's activities, however, do not constitute substantial evidence for the ALJ's RFC determination for two reasons: they are not clearly within the light work requirements of the regulations and the demanding activities were followed by visits to the doctor.

Mr. McCright's self-reported exertional abilities do not squarely place him within the light work requirements of the regulations. The regulations provide:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567. Mr. McCright stated he could lift up to 20 pounds, but he also stated that he could only walk 30-40 yards. (Tr. 22, 204). Additionally, he reported having difficulty getting dressed and needing to lie down for over six hours during the day. (Tr. 42, 45). Light work requires more walking or standing than the claimant reported he is able to perform and even with the ALJ's restrictions, the claimant's

self-reporting is not a sufficient basis for the ALJ's RFC determination.

While certain activities such as pushing a plantar or doing sit ups may initially seem inconsistent with his alleged disability, the relationship is not so simple. Instead, the medical record substantiates the severity of his impairments because when Mr. McCright engaged in these activities, he exacerbated his pain and then visited the doctor for treatment. *Id.* Additionally, isolated instances of some demanding activities accompanied with worsening pain does not substantially establish that Mr. McCright is able to perform a reduced range of light work on a sustained basis. Because Mr. McCright's activities and post-activities treatment for pain are not inconsistent with his alleged level of pain, the court finds that this case is significantly distinguishable from *Castle*.

In sum, the evidence in this case is different from *Castle* in at least three critical respects: (i) Mr. McCright's longitudinal history of treatment; (ii) his self-reported activities, including instances of exertion that resulted in a need for treatment; and (iii) the absence of any medical release (or similar documentation) suggesting that Mr. McCright is able to work without any vocational restrictions.

Further, Mr. Mr. McCright's alleged disability is not the type of simple disability that an ALJ can consider without the benefit of a medical source statement. Instead, the disability is like that in *Manso-Pizzaro*, requiring evaluation by an expert

because of its complexity. The ALJ could not have made a commonsense determination of RFC; a medical source statement was necessary in this case.

## II. The ALJ failed to fully develop the record concerning Mr. McCright's noncompliance with treatment and drug abuse.

The claimant contends that the ALJ failed in his duty to develop the record by not asking during the hearing why the claimant was sometimes noncompliant with treatment. (Doc. 11 at 12). While it is the claimant's burden to prove his alleged disability, the ALJ erred in emphasizing the claimant's noncompliance without exploring Mr. McCright's reasons for it.

The ALJ has a duty to investigate possible reasons for noncompliance with treatment when noncompliance is at issue. *See Lucas v. Sullivan*, 918 F.2d 1567, 1572-73 (11th Cir. 1990) ("[I]t was incumbent on the ALJ to more fully develop the record with respect to the role alcohol abuse may play . . . in affecting her compliance with the prescribed medication therapy."). Mr. McCright's noncompliance with treatment was at issue in the ALJ's RFC determination. (Tr. 22). The ALJ considered "any treatment, other than medication, for relief of the alleged symptom(s) and any measures used to relieve pain or other symptoms" as factors in determining the claimant's RFC. *Id.* In the following sentences, the ALJ noted that, "when compliant, the claimant received improvement regarding his pain symptoms" and that "the

claimant did occasionally exhibit poor compliance with treatment courses and relied on methods other than medication to treat his pain." *Id.* Additionally, the ALJ described Mr. McCright's treatment at the Quality of Life Clinic: "the claimant refused the attending physicians' recommendation that he attend a drug rehabilitation program . . . [and] was noted as being non-compliant with his therapy." *Id.*

Yet the ALJ did not analyze the effect of the claimant's drug abuse on his noncompliance.[9] The ALJ used the claimant's improvement while compliant with therapy and subsequent noncompliance in determining RFC, but did not develop the record regarding the claimant's noncompliance. This court cannot speculate as to whether the claimant's drug abuse affected his compliance with treatment, but, as in *Sullivan*, there may be a link between the two that should be developed. While asking Mr. McCright during the hearing may not have been the only way to more fully develop the record, had the ALJ done so, he would have satisfied his duty to investigate possible reasons for noncompliance such as drug abuse.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court finds that the decision of the Commissioner is not supported

---

[9] *See* medical records from the Quality of Life Clinic suggesting an ongoing problem of prescription drug abuse. (Tr. 255-74).

by substantial evidence and that she did not apply proper legal standards in arriving at it. Accordingly, the decision will be reversed and remanded by separate order.

**DONE** and **ORDERED** this the 11th day of April, 2014.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge